IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00145-RM-GPG

ALYSSA CHRYSTIE MONTALBANO, Individually,

    Plaintiff,

v.

JAMES COREY GOODE, Individually,

    Defendant.

---------

THOMAS D. SEAMAN, Individually, and dba
ALPINE JUDGMENT RECOVERY,

    Third-Party Plaintiffs,

JAMES COREY GOODE, Individually,

    Counter-Claimant,

v.

ALYSSA CHRYSTIE MONTALBANO, Individually,

    Third-Party Defendant, Counter-Defendant.

## ORDER TO SHOW CAUSE

    This matter is before the Court on Notice of Removal (ECF No. 1) filed by Alyssa Chrystie Montalbano. Ms. Montalbano has removed to federal court Mesa County District Court case number 18CV50. The Court must construe the Notice of Removal liberally because Ms. Montalbano is not represented by an attorney. *See Haines v.*

1

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Montalbano will be ordered to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon [the] defendant or defendants" seeking to remove a state court action. 28 U.S.C. § 1446(a). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

Additionally, the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removeable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

2

removable." 28 U.S.C. § 1446(b)(3).

Here, Ms. Montalbano contends removal of case number 18CV50 is timely based on the filing captioned "Plaintiff Thomas D. Seaman DBA Alpine Judgment Recovery's Second Set of Interrogatories to Plaintiff Alyssa-Christie Montalbano" (ECF No. 1-1), which Ms. Montalbano alleges was served on her on December 20, 2022.

Ms. Montalbano contends removal is jurisdictionally appropriate pursuant to 28 U.S.C. § 1441(a), which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, removal under § 1441(a) is permissible only "when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Here, although Ms. Montalbano indicates her rights under 42 U.S.C. § 1983 have been violated throughout the course of the state court proceedings, removal under § 1441(a) is appropriate only if the federal question is "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Nothing in the state court filing captioned "Plaintiff Thomas D. Seaman DBA Alpine Judgment Recovery's Second Set of Interrogatories to Plaintiff Alyssa-Christie Montalbano" (ECF No. 1-1) demonstrates the existence of a federal question and "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *See Johnson*, 404 F.3d at 1247.

Ms. Montalbano's alternative argument that case number 18CV50 is related to another case in which she is a defendant that is pending in the District of Colorado, case number 20-cv-00742-DDD-KLM, also does not demonstrate that the filing captioned "Plaintiff Thomas D. Seaman DBA Alpine Judgment Recovery's Second Set of Interrogatories to Plaintiff Alyssa-Christie Montalbano" (ECF No. 1-1) somehow makes case number 18CV50 removable under § 1441(a).

Finally, Ms. Montalbano's citation of 28 U.S.C. § 1441(c) does not change this analysis. That section provides as follows:

> If a civil action includes—
>
> (1) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
>> (A) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>>
>> (B) the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c). Nothing in § 1441(c) eliminates the requirement that removal is appropriate only if there is a federal claim on the face of the filing that allegedly gives rise to removal jurisdiction.

Finally, the Court notes that Ms. Montalbano was ordered on January 29, 2023,

4

to immediately cease filing any further pleadings in this action. Plaintiff is hereby granted permission to file **one** response to this Order to Show Cause.

Accordingly, it is

**ORDERED** that Ms. Montalbano shall have up to and including February 14, 2023, to show cause why this case should not be remanded to state court. Plaintiff may file **one** response to this order.

DATED January 30, 2023.

BY THE COURT:

 s/ Gordon P. Gallagher
United States Magistrate Judge