# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No: 1:23-CV-00145-RM-GPG

Alyssa Chrystie Montalbano, Individually

**Plaintiff**

v.

James Corey Goode, Individually

**Defendant**


Thomas D. Seaman, Individually and dba
ALPINE JUDGMENT RECOVERY;

James Corey Goode, Individually

**Counter-Defendants**


Alyssa Chrystie Montalbano

**Counter Claimant**

v.

Thomas D. Seaman

**Counter Defendant**

---

**Alyssa Montalbano**
**Response to Order to Show Cause [#82]**

---

COMES NOW, Plaintiff and Counterclaimant Alyssa Chrystie Montalbano and Responds to Magistrate Gallagher's Order to Show Cause [#82] as follows:

Magistrate Judge Gallagher bases the recommendation on the false premise that Judge Flynn followed State and Constitutional Laws in Mesa District Civil Court, and on the false premise Flynn told the truth in dismissal orders; and on the false premise a lawful judgment exists for collection. Ordinarily Magistrate Gallagher's recommendation would be proper, based on the assumption the state court officer followed Constitutional Laws, but that did not occur in case 18CV50, which makes the recommendation for remand improper on its face as it ignores Chief Judge Flynn placed a fraud on the Mesa District Civil Court and openly violated Constitutional Laws, making any remand not only dangerous to Montalbano but also illegal and a breach of that judicial officer's standard of professional care to uphold Constitutional Laws first, even if the removal didn't meet removal requirements. However, removal requirements have also been met and are seen in the following facts:

I.  **PLAINTIFF MONTALBANO ORIGINAL STATE COURT COMPLAINT REMOVABLE (28 USC 1441 (a) and (c))**

Case 18CV50 has always technically been a matter for removal, on its face, under federal law, as the case was opened by Plaintiff Montalbano citing that Constitutional Law was the basis of Montalbano's complaint [#24-2 at 2, No. 2] and that Constitutional Laws must be followed first pursuant an Oath of Office.

**CONSTITUTIONAL LAW**

The main two matters at issue in Plaintiff Montalbano's Original State Court Complaint [#24-2] are Defamation and Trade Secret Intellectual Property.

Colorado Constitution, Bill of Rights, Section 10, provides for defamation claims to be taken to the jury and is a Constitutional matter involving first amendment rights.

United States Constitution, Article 1, Section 8, Clause 8, provides protection for authors for a limited time over their writings and discoveries, and is a Constitutional matter involving Intellectual Property rights.

United States Constitution, Article 6, Clauses 2 and 3 (Oath of Office clauses), clearly establishes that judicial officers must uphold Constitutional Laws first (regardless to if they are asked in exactly perfect legal terms or not because it is their sworn duty), and if a judicial officer cites states laws, including court rules, to break Constitutional Laws in Court, that officer has just perjured their oath of office and pursuant Colorado Constitution, Article XII, Sections 8, 9 and 10, the officer automatically vacates their office of public trust for failure to qualify therein and loses subject matter jurisdiction for failure to follow due process of law pursuant Colorado Constitution, Bill of Rights, Sections 3, 6 and 25.

Pursuant 28 USC 1331, Constitutional Laws are federal matters and thereby the federal court always had original jurisdiction of case 18CV50 pursuant 28 USC 1441(a).

Montalbano, being pro se[1], did not originally understand Constitutional matters are litigated in federal court and not state court, as she is an author and artist by trade and profession, not a lawyer. Regardless, to if Montalbano's claims were heard in, State or Federal Court, the only requirement to make for a legitimate entered final judgment, was for the presiding Judicial Officer to uphold Constitutional Law first. However, Judge Flynn broke Constitutional Laws in case 18CV50 [See Docket 15, Deprivation Rights] by lying no defamation was shown and lying Montalbano's Trade Secret Intellectual Property ("IP") did not exist, these acts proximately created the highly burdensome chain of events (for years thereafter) forcing Montalbano and other judicial officers to repeatedly address Flynn's civil rights violations in multiple courts, to include this removed case.

Mr. Seaman/AJR's Interrogatory/Complaint judgment claim [#1-1] cannot lawfully be viewed as a stand-alone complaint, because Seaman/AJRs ability to collect on the claim is wholly dependent on the superseding and earlier filed (March 17, 2020) federal court case 1:20-CV-00742-DDD-KLM [#9] and the outcome of the pending federal counterclaims filed by Ms. Montalbano (December 22, 2020) against Mr. Goode, Mr. Flynn, and et.al. [#13 SACC, #14 RICO, #15 Deprivation Rights]

Case 18CV50 has been an overt federal matter since March 17, 2020, when Goode first opened case 1:20-CV-00742 [#9] and filed his complaint [#11-1] against Ms. Montalbano and et.al. for the same Defamation and Trade Secret Intellectual Property ("IP") matters [#24-2; #24-7; #15-5] that Montalbano repeatedly beseeched Judge Flynn to lawfully address in State

---

[1] Montalbano has been declined assistance from the Federal Pro Se clinic since her December 22, 2020 federal court complaint filing [#13]. To mitigate mistakes, Montalbano has recently started attending college for an accredited Paralegal AAS degree.

Court, case 18CV50. Since June 25, 2018, Judge Flynn repeatedly failed to act and breached the standard of care required in the judicial profession to act and stop the cited abuses.

Case 18CV50's dismissal orders [13-26 at 3] and judgment [#24-5] have been an overt federal matter under lawful collateral attack since December 22, 2020 (2 years, 1 month) [#13-1, SACC] for multiple civil rights violations performed by Chief Judge Brian James Flynn in Mesa District Civil Court, all during case 18CV50 [#15, Deprivation Rights].

Any party (Mr. Seaman/AJR) claiming an interest in the state court judgment since December 22, 2020 [#13-1], especially a third-party contracted with Mr. Goode [#25-1] would reasonably know they may be summoned into the superseding federal case [#9] whereby the judgment [#24-5] has been under lawful collateral attack for fraud on the court and deprivation of rights [#15] for years.

Mr. Seaman/AJR, filed their counter-defendant[2] judgment claims against counterclaimant Montalbano in the wrong court. The judgment Mr. Seaman/AJR are claiming a right to, has been in lawful dispute since December 22, 2020 in Federal Court case 1:20-CV-00742.

Mr. Seaman/AJR's discovery and judgment collection rights are wholly dependent on the outcome of the pending and related Deprivation Rights claim against Mr. Flynn [#15] and pending to proceed to trial [#24-3 Recommendation] Defamation claim [#13-1, Defamation Claim] against Mr. Goode.

---

[2] This is the party tile this federal court has cited Mr. Seaman/AJR as.

Mr. Seaman/AJR (and Mr. Goode) will not be prejudice by having to wait (like everybody else) for decisions to be made in the related stayed superseding federal case [#9]. In fact, if any decisions are made in favor of Mr. Seaman/AJR and it takes two years to reach those decisions, then more interest would accrue for collection and they would further benefit. However, if the state court judgment is vacated because Montalbano wins her defamation claim against Mr. Goode at trial (most likely) using the same defamation facts Flynn saw all during case 18CV50 [#15-1, Nos. 10-15; #13-10, #13-23], it will show beyond a reasonable doubt that Judge Flynn intentionally lied in his state court dismissal orders [#13-26 at 3] that no defamation was shown and upon such a proper jury verdict, the judgment [#24-5] would need to be properly voided (if not already prior vacated).

**DEFAMATION**

Montalbano has also already shown (before any trial) that Judge Flynn has failed to meet the "reasonable person standard" of professional care in the judicial profession, seen in how two other judicial officers addressed Goode's same abusive stalking and defamation harassment acts in comparison to what Judge Flynn did:

a. Judge Parker, in Dallas County Texas District Court, case 14-04807, saw facts during 2014, involving Mr. Goode defaming his former employer Darling International as a criminal terrorist and stalker on YouTube [#14-7, Darling v Goode Complaint]. Judge Parker entered a permanent injunction [#33-4] against Mr. Goode, October 2014.

b. Magistrate Mix, saw the same defamation facts [#13-1 at 170] from case 18CV50 involving Mr. Goode defaming Montalbano on YouTube, Twitter, Facebook (and more), as a criminal stalker and recommended [#24-3 Recommendation case 1:20-CV-00742] the defamation claim proceed to trial against Mr. Goode.

    c. Judge Flynn saw Goode was defaming Montalbano on YouTube, Twitter, Facebook (and more) June 2018 – January 2020, and did nothing to stop it; then he lied no defamation was shown and dismissed the claim as frivolous.

In this literal example establishing a standard of professional care; two Judicial Officers, Judge Parker and Magistrate Mix, out of three judicial officers, took reasonable judicial actions to stop Goode's defamation, [cyber]stalking, and harassment of others. One Judicial Officer, out of three, Chief Judge Flynn, did nothing to stop the abuse and instead lied no defamation harassment occurred. With these literal examples, it is clear (even before any trial) that Flynn was grossly negligent[3] in case 18CV50 and failed to perform a standard of care in the judicial profession requiring him to act, and stop defamation and harassment.

## **TRADE SECRET INTELLECTUAL PROPERTY**

Montalbano has also proven (before trial), that her rare and never before seen in court, Trade Secret Intellectual Property claim (of seeing things in dreams before they occur in waking states and writing them down in her dream journals) is also with merit:

    a. On July 13, 2021, Montalbano filed in Denver Federal Court related case 00742 [#9] a Dream Vision record dated May 6, 2019 and prior filed on the Mesa State Court record, February 12, 2020, foreseeing the covid vaccine controversies that occurred after the dream and after the State Court filing in waking states. [#34-6]

    b. On December 18, 2022, Montalbano filed in Denver Federal Court related case 00742 [#9] a Dream Vision record dated, October 9, 2017 (and emailed to Goode

---

[3] The negligence claim is being amended to show Duty, Breach, Causation, and Damages, specific to each named defendant.

October 10, 2017 [4] ) showing Mr. Flynn himself in the 2017 Dream Vision prior documented in Montalbano's dream journal; whereby Flynn, Montalbano, and others, interacted with each other in waking states in the same and similar ways years after the dream. [#34-8]

The Colorado Code of Judicial Conduct, Rule 1.2 (Promoting Confidence in the Judiciary), cites the following case law regarding the duty of Judicial Officers to have impartiality (open-mindedness) in court:

> "One meaning of impartiality in the judicial context is lack of bias for or against any party to a proceeding. Impartiality may also involve open-mindedness, not in the sense that judges should have no preconceptions on legal issues, but rather that judges should be willing to consider views that oppose those preconceptions and remain open to persuasion when those issues arise in a pending case." *Republican Party of Minn. v. White*, 536 U.S. 765, 775, 779 (2002).

Judge Flynn did not perform a standard of professional judiciary care in case 18CV50 regarding impartiality (open-mindedness); whereby he refused to allow himself to be persuaded to let go of his false preconceptions about Montalbano's Trade Secret IP, even after he was repeatedly shown the Trade Secret IP claim is factually true and with merit.

## II.     RELATED CASE FILINGS REMOVAL FOR JOINDER (28 USC 1441 (c))

On January 29, 2023, Magistrate Judge Gallagher reprimanded [#79] Montalbano for following D.C.Colo.LCivR 81.1 removal procedures, in stating Montalbano was filing 'nonsensical' papers and performing 'abuse of process' in filing pending motions, orders, and related papers from case 1:20-CV-00742 [#9].  However none of the filed papers are nonsensical or an abuse of process for the following:

---

[4] A Trade Secret Intellectual Property record Montalbano sought declaratory relief for in case 18CV50.

a. Montalbano has regularly had to file duplicate papers in both the Mesa District Civil State Court (case 18CV50) and this Denver Federal Court since as early as August 2018 (See first removal of this case 1:18-CV-02060-RM-GPG).

b. D.C.Colo.LCivR 81.1 requires within 14 days of filing the Notice of Removal [#1, January 17, 2023] that the removing party file each pending motion from the 'state' court, along with all related responses, replies, and brief. The rule also requires each document be filed as individual documents in the CM/ECF system according to regular federal court electronic filing rules.

c. Montalbano removed the state court case and cited that Mr. Seaman/AJRs claims directly related to all the same people, facts ($116,600 judgment), and subject matter pending in federal case 1:20-CV-00742 [#9; #20 pending Motion Consolidate cases] whereby Seaman/AJR are pending to be joined [#18]); and in the Notice of Removal [#1 at 2-6] Montalbano cited all the related and pending federal court papers to be filed within 14 days of the removal.

d. On January 23, 2023, Judge Moore entered an order, instructing the defendants to respond to Dockets 14, 15, 18, and 20. Which are federal case 1:20-CV-00742's [#9] Dockets: 308 RICO, 315 Deprivation Rights, 320 Motion Required Joinder Seaman/AJR, and 322 Motion Consolidate cases.

e. Dockets 14, 15, 18, and 20, have the same Defendants from case 1:20-CV-00742 [#9], to include Mr. Seaman/AJR pending to be joined [#18] since August 3, 2022, and are the same complaints, pending motions, responses, and replies that directly

relate to Seaman's State Court complaint [#1-1]. Montalbano was filing the related federal case [#9] papers as the state court case cannot be distinguished as separate, and the papers must be filed pursuant Local Rule 81.1.

f.   The fact that Magistrate Gallagher is unhappy about the amount of related motions, orders, replies and responses required to be filed in this case, cannot be helped as the related case [#9] has been stayed since April 2021 and has many defendants and plaintiffs and many pending motions with related orders and papers; none of these papers are 'nonsense', nor is it abusive to file them here, as they are part of the pending and superseding federal controversy directly involving Mr. Seaman/AJR's complaint claims [#1-1].

g.   Pursuant due process of law Mr. Seaman/AJR have been lawfully served with the related federal case's [#9] complaints and exhibits [#11, #13, #14, #15] (FRCP 5) via this instant removed case and they now have the direct opportunity to address the pending federal complaints [#13, #14, #15], and federal Motion to join them [#18] and federal Motion to Stay or Consolidate cases [#20].

h.   Federal case 1:20-CV-00742-DDD-KLM [#9] cannot be remanded to Mesa District Civil State Court, and thereby neither can this instant removed case, as they are the same case.

Magistrate Gallagher then states in his Order to Show Cause [#82 at 3, last three lines] that Montalbano cannot simply file counterclaims [#3] against Mr. Seaman/AJR to make it a federal matter. However as seen in the voluminous and pending related complaints, motions,

orders, replies, and responses, this is not a 'sudden' or 'surprising' counterclaim complaint against Mr. Seaman/AJR just to 'make it a federal matter' as Montalbano's counterclaims have been pending in this same Denver Federal Court since December 22, 2020 (2 years, 1 month) [#9] involving the same fraudulent state court judgment [#24-5], that Seaman/AJR want a piece of [#25-1].

To further demonstrate the counterclaims [#3; #33-1] are not 'sudden' solely to make this removed case a federal matter, Montalbano courtesy copy served Mr. Seaman/AJR copies of the August 3, 2022 filed Motion to Join them to case 1:20-CV-00742-DDD-KLM and August 5, 2022 filed Motion to Stay or Consolidate cases (6 months ago). [See #18 and #20, Certificate of Service Notations] **(EXHIBIT 1 USPS Delivery Court Filings)**

Mr. Seaman/AJR have known about the related federal case [#9] and collateral attack on the fraud judgment for over 6 months and have repeatedly refused to drop their claims.

Mr. Seaman/AJR are fully legally apprised of the complete federal claims [#13, #14, #15] pending against them [#3 Answer and Counterclaims, #33-1, #34 Reconsider] and they may be joined [#18] to the related case [#9] and this instant removed case may be consolidated or stayed [#20] to prevent further duplicate court filings and inconsistent burdens to Montalbano, while the same matters are pending resolution in the related and superseding federal case.

Pursuant 28 USC 1441(c); the removal of case 18CV50 to this Denver Federal Court is proper for joinder of State Law claims and Federal Law claims.

### III.   PLAINTFF SEAMAN/AJR COMPLAINT REMOVABLE (28 USC 1332 (a) and (c))

If removal is based solely on the Interrogatories/Complaint [#1-1] filed by Plaintiffs Mr. Seaman/AJR the matter is still proper in this Federal Court.

Mr. Seaman/AJR and thereby Mr. Goode, are claiming they want Montalbano's business (Limited Liability Company ("LLC")) to pay the alleged judgment. [#1-1, No 9-11, 17-22].

Montalbano's business, ARI STONE ART LLC, is incorporated in the state of Wyoming **(EXHIBIT 2)** designating it as a foreign state citizen for the purpose of section 28 USC 1441 and whereby Wyoming statutory laws apply. Mr. Goode and Ms. Yanaros (now also helping Mr. Seaman/AJR write and filed papers in court) know this fact, as it is stated in Montalbano's Complaint pending against them since December 22, 2020 at ¶27 in the related federal case 00742 [#13-1, SACC ¶22]. Seaman/AJR, Goode and Yanaros, are trying to skirt Wyoming laws by seeking collections in a [corrupt] Colorado State Court (Mesa District Civil Court) lacking jurisdiction over the business entity itself; Mr. Seaman/AJR's complaint is a federal matter on its face (28 USC 1441(b)).

Additionally, Mr. Seaman/AJR are seeking to collect over $75,000 ($116,600 plus interest) from Montalbano's Wyoming business and this federal court has subject matter jurisdiction pursuant 28 USC 1332(a) and (c), based on diversity of state citizenship and amount alleged owed exceeding $75,000.

## IV.    PROTECTION ORDER REQUEST [5]

Additionally, if Mr. Seaman/AJR and Mr. Goode were permitted to continue their fraudulent judgment collection activities via remand back to Defendant Flynn's Kangaroo Court, ran inside Mesa District Civil Court, prior a lawful judgment entered in the superseding federal case 1:20-CV-00742 [#9]; Montalbano will be severely prejudiced and irreparably injured by being: 1) forced to provide more of her private information to her abusers/cyberstalker/harssers/defamer (Goode and et.al.)  2) placed at direct risk of (and not limited to) direct physical assaults at her place of employment and private residence, 3) placed at direct risk of banking frauds and identity theft by Goode and et.al. (The Enterprise) via their newest harassment associate Seaman/AJR [#13-1 Defamation and Civil Conspiracy, #14 RICO].

Mr. Seaman is not only seeking to collect this private information via Judge Flynn's Kangaroo Court judgment, but to also share it all with Mr. Goode and Ms. Yanaros (The Enterprise) [#37] This is not something reasonable or necessary for a legitimate debt collector to do, but makes sense for someone part of The Enterprise's (Goode and Yanaros') Rackets [#308 RICO].

Further still, Mr. Goode has admitted while under Oath in related case 1:20-CV-00947-DDD-KLM, Goode v Ramsaur and et.al [#36], September 26, 2022 deposition at approximate timestamps 03:08:00 – 03:14:00 **(EXHIBIT 3 Video),** that he and his associates (Roger Ramsaur) intentionally used "thug" tactics to scare, harass, and publicly defame their business competitor, Bill Ryan (at his home), and worked with and paid third-parties to help them. [Also see #13-1 SACC Nos. 316, 317, 347, and (No. 316) Footnote 48 - citing Exhibit V

---

[5] Montalbano would have filed this as a separate motion pursuant Judge Moore's Practice Standards, but Magistrate Gallagher ordered Montalbano to file only one paper.

filed Mesa Court Jan 30, 2019, telling Judge Flynn, Mr. Ryan was exposing the Twenty and Back program that Goode claims is his "Trademark" **(See EXHIBIT 4, Timestamps 02:00:00-02:04:00)** actually originated with Mr. and Mrs. Relfe[6] who claim Mr. Goode plagiarized their 20 and Back experiences as if his own; also see #14-2 RICO Nos. 18, 39] Mr. Goode also stated in his deposition **(Exhibit 3, 03:14:00-03:16:00)** that since he is a public figure and has prior military employment; that 'retired' police, military, and FBI, will do his bidding and influence active police to take action on his behalf if he requests of them to 'handle' things. Montalbano reiterates from the Deprivation Rights claim [#15-1, No. 55] that she reasonably believes Mr. Goode used his fame, public stature, and wealth to bribe, coerce, or otherwise intimidated Mr. Flynn to perjurer his Oath of Office in case 18CV50 and throw the case to him and Yanaros (overtly since at least as early as May 27, 2019), after instructing Flynn to intentionally delay the case for over a year and a half to increase the financial damages to Montalbano, due to it being common knowledge in the law field that defense attorneys are paid by the hour.

Mr. Goode also still claims under Oath **(Exhibit 4, Traditional Video)** being a part of the American government MiLab[7] (MiLitary Abduction) program since being a young child and in the SSP (Secret Space Program) **(Exhibit 4; 01:57:00 - 02:04:00).** Montalbano reasonably believes Goode is still participating in these illicit programs (and not necessarily by choice) and Montalbano has been diligently working to address these problems since opening case 18CV50, June 25, 2018, and whereby Judge Flynn was repeatedly informed of these

---

[6] http://TheMarsRecords.com/ Relfe's website, 20 and Back story, published 2000.

[7] MiLab is an illicit black operation government experiment program where innocent adults and children are abducted and made to falsely believe they are being alien abducted and alien experimented on. For more information on CIA black operation programs review Docket 13-1 SACC, ¶¶127-206, ¶429, ¶458, and in particular ¶¶194-195 SSP - Scientific Service Program  (US Army). Also see Docket 13-11 CIA Project BLUEBIRD Subconscious Isolation, and Docket 13-19 CIA S.A.T.A.N. and C.H.R.I.S.T. A.I. Programs

programs [8] and abuse problems and also did nothing to address or stop them, when he is required to act pursuant his sworn judicial duties.

Defendants Brian James Flynn, Goode, Yanaros, Seaman/AJR are still trying to harm Plaintiff Montalbano via case 18CV50 in Flynn's Kangaroo Court and via his 'newest' subordinate judicial officer in the Mesa courthouse, Judge Jeremy L. Chaffin, in violation of the Code of Judicial Conduct, Rule 2.3 (Bias, Prejudice, and Harassment) seen in the following:

a. Judge Chaffin entered another order in case 18CV50, January 25, 2023 **(EXHIBIT 5),** ordering the parties to file a memorandum brief within 14 days of the order (due date, February 8, 2023) to inform the State Court if it had authority to enter orders or not in case 18CV50 resultant from the removal, alleging it was improper. (Received by Montalbano about February 3, 2023)

b. Montalbano timely filed a memorandum brief, February 8, 2023, in state court. **(EXHIBIT 6 [9])**

c. Mr. Seaman/AJR and Ms. Yanaros also filed a Supplemental Briefing **(EXHIBIT 7)** on February 8, 2023 and asked Defendant Flynn's subservient and prejudice officer, Judge Chaffin, to sanction Montalbano for alleged improper removal, when they themselves know their complaint [#1-1] was removable not only for the LLC being Wyoming based, but also proper for joinder and consolidation of

---

[8] See Docket 62-4, unanimously passed Senate Bill - Havana Act of 2021, providing legal remedy to CIA employees who've had their brains remote frequency assaulted.

Also see, Docket 13-13, CIA Telepathic Behavior Modification, a thoroughly tested and perfected remote frequency assault for personality alterations; and see Docket 64-1 (Video) Goode discussing remote frequency killing of others in the CIA programs he participates in.

[9] *Note* Montalbano misunderstood the postmark of January 31, 2023 to be the mailing date, not the date of arrival at a distribution facility.

cases due to Seaman/AJR claiming an interest in the federally disputed fraud judgment in related superseding federal case 00742 [#9].

Montalbano requests a protection order (sanctions) be issued against Mr. Goode, Ms. Yanaros, Mr. Seaman/AJR (The Enterprise [#308 RICO]) and their associates (to include defendant Brian Flynn and other officers of Mesa Court (Jeremy Chaffin)) and that they all be denied any access to more of Montalbano's private information via Mesa District Civil Court, until after Constitutional Laws are upheld pursuant an Oath of Office (Colo. Const., Bill of Rights, Sec. 1, 2, 3, 6, 10, 23, 24, 25, and 28; U.S. Const. Art. 1, Sec. 8 Cl. 8).

## V.    CONCLUSION

Montalbano has timely removed Mr. Seaman/AJR's December 20, 2022 complaint claims to this federal court.

Montalbano has shown that this District Court has always had original jurisdiction over case 18CV50 matters both with her original State Court Constitutional complaint filings [#24-2 at 2, No. 2] (28 USC 1331) and over Mr. Seaman/AJR's Interrogatories/Complaint [#1-1] involving diversity jurisdiction and amount in controversy exceeding $75,000 (28 USC 1332(a) and (c); 28 USC 1441(a)); and jurisdiction over Mr. Seaman/AJR pursuant removals for joinder [#3; #33-1] of State and Federal claims (28 USC 1441(c)).

Montalbano has also shown that her counterclaims against Seaman/AJR were not written for the sole purpose of removal, but stem back to December 22, 2020 (2 years, 1 month ago) with the related Federal Case 00742 [#9] and that Mr. Seaman/AJR have been well aware of the federal matters they chose to willingly and knowingly involve themselves in since at least

August 3, 2022 (over 6 months) and thereby have consented to jurisdiction in this federal court; and Seaman/AJR have been lawfully served via this instant case the pending complaints [#13, #14, #15] from the related and superseding federal case; and this federal case and claims are the same as case 00742 [#9], which cannot be remanded to State Court as the State Court lacks jurisdiction over Federal and Constitutional claims, and this federal court has supplemental jurisdiction over the related claims (28 USC 1367(a)).

**WHEREFORE,** for all the aforementioned facts, reasons, laws, and removal laws, this matter is timely removed and this court has original jurisdiction of all matters pursuant 28 USC 1441(a), (b), and (c);  28 USC 1332 (a) and (c); 28 USC 1331, and has supplemental jurisdiction over the related claims pursuant 28 USC 1367(a).

Respectfully Submitted and
All Rights Reserved,

*/s/ Alyssa Chrystie Montalbano*

American Citizen, Plaintiff and
Defendant

2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on this 14 day of February 2023 a copy of the foregoing **RESPONSE TO ORDER TO SHOW CAUSE and attached Exhibits**, were filed with the Federal Court via the CM/ECF filing system, and a true and correct copy delivered by first class United States Postal Service mail with tracking upon the following parties:

**Mr. James Corey Goode (pro se)**
1140 US Highway 287
Suite 400-266
Broomfield, CO 80020

**Mr. Thomas D. Seaman (pro se)**
dba ALPINE JUDGMENT RECOVERY
PO Box 1002
Ridgway, CO 81432

A copy of the video Exhibits were traditionally submitted to the Court at:

**ALFRED A. ARRAJ**
**United States Courthouse**
Room A105
901  19th Street
Denver, Colorado, 80294-3589

**/s/ Alyssa Montalbano**

Alyssa Montalbano, American Citizen