| | |
|---|---|
| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | ORIGINAL FILED IN<br>FEB 0 8 2023<br>COMBINED COURT<br>BY LITIGANT |
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>  v.<br>Defendant(s)/Respondent(s): James Corey Goode<br><br>-----<br><br>Plaintiff(s)/Petitioner(s):  Thomas D. Seaman, James Corey Goode<br>v.<br>Defendant(s)/Respondent(s):  Alyssa Chrystie Montalbano | ▲   **COURT USE ONLY**   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505<br><br>Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>Fax Number:                   Atty. Reg. #: | Case Number: 18CV50<br><br><br>Division  5          Courtroom |

**ALYSSA MONTALBANO**

**SUPPLEMENTAL BRIEF TO JANUARY 25, 2023 ORDER**

Plaintiff/Defendant Alyssa Chrystie Montalbano, responds to the January 25, 2023 order with the following Supplemental Brief:

1. On January 25, 2023 Judge Chaffin entered an order stating the Court was left without jurisdiction due to the removal of case 18CV50 to Denver Federal Court and requested a briefing of the status, within 14 days of the order, regarding if Mesa Court retains jurisdiction or not.

2. This order was not even placed in the mail until almost a week after being filed, January 31, 2023. Montalbano instructs the Court and its officers to ensure it timely mails orders to Montalbano pursuant Colorado Constitution, Bill of Rights, Sections 6 and 25, as it is prejudicial to take away over a week of response time due to an order not even being mailed until one week *after* being entered and then having to wait an additional 3-5 days for it arrive by post mail, leaving only a few days at the most to write a timely response.

3. Montalbano received the orders about February 3, 2023.

4. At this time, Mesa District Civil Court does not have jurisdiction over the matter due to removal. (See Notice of Removal filed January 17, 2023)

5. Case 18CV50 is case 1:23-CV-00145-RM-GPG in the Denver Federal Court and the matters are pending before Judge Moore and Magistrate Judge Gallagher.

6. January 21, 2023 (case 1:23-CV-00145, Docket 12), Magistrate Judge Gallagher, entered an order setting a scheduling conference for April 11, 2023.
   **(EXHIBIT DE – Magistrate Gallagher Scheduling Conference)**

7. January 23, 2023 (case 1:23-CV-00145, Docket 22); Judge Moore ordered the defendants to file an answer to Dockets 14, 15, 18, and 20; within 21 days of the order absent any further orders by Magistrate Gallagher and that the Chambers of Judge Moore and Judge Domenico would discuss the cases.

**(EXHIBIT DF - Judge Moore Minute Order)**

    a. Docket 14 - is case 1:20-CV-00742, Docket #308, of the pending TACC amended RICO claim (See Exhibit CY, filed this case, July 22, 2022);

    b. Docket 15 - is case 1:20-CV-00742, Docket #315, of the pending TACC Deprivation Rights claim (See Exhibit CW, filed this case, July 22, 2022);

    c. Docket 18 - is case 1:20-CV-00742, Docket #320, Motion to Join Mr. Seaman/AJR (See Exhibit DB, filed this case, August 25, 2022);

    d. Docket 20 - is case 1:20-CV-00742, Docket #322, Motion to Stay and/or Consolidate cases. (See Exhibit DC, Filed this case, August 25, 2022);

8. Montalbano filed the following pending documents:

    a. Objection Reply to Thomas D. Seaman response to Plaintiff Motion for Protective Order, **(EXHIBIT DG,** filed January 26, 2023)

    b. Motion to Reconsider **(EXHIBIT GH,** filed January 25, 2023)

9. January 30, 2023, Magistrate Judge Gallagher entered an 'order to show cause' as to why the removed case should not be remanded, with response due date February 14, 2023. **(EXHIBIT DI)**

    **WHEREFORE,** for the aforementioned reasons, case 18CV50, is case 1:23-CV-00145-RM-GPG in the Denver Federal Court, and remains pending for determinations.

Respectfully Submitted and All Constitutional Rights Reserved,

Alyssa Chrystie Montalbano, American Citizen

## CERTIFICATE OF SERVICE

I certify this 8th day of February 2023, a true and correct copy of the foregoing **RESPONSE BRIEF TO ORDER and attached Exhibits DE - DI** were filed with the Mesa District Civil Court and sent first class by United States Postal Service, postage prepaid, to legally pro se litigants: Mr. James Corey Goode, 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020; and Mr. Thomas D. Seaman dba ALPINE JUDGMENT RECOVERY; PO Box 1002, Ridgway, CO, 81432.

Alyssa Chrystie Montalbano, American Citizen





≡  M Gmail                    🔍 Search mail                                                                          ⚙

District of Colorado

**Notice of Electronic Filing**

The following transaction was entered on 1/21/2023 at 4:48 PM MST and filed on 1/21/2023
Case Name:        Montalbano v. Goode
Case Number:      1:23-cv-00145-RM-GPG
Filer:
Document Number: 12(No document attached)

Docket Text:
**ORDER: Telephone Scheduling Conference set for 4/11/2023 at 9:30 AM in Room 323 (Grand Junctio**
**P. Gallagher. Proposed Scheduling Order due one week prior. At the time of the hearing, call the cou**
**Code 3136546#. By Magistrate Judge Gordon P. Gallagher on January 21, 2023. Text Only Entry (gpg**


**1:23-cv-00145-RM-GPG** Notice has been electronically mailed to:

Alyssa Chrystie Montalbano     legalzenacm@gmail.com, AriStoneArt@Ymail.com


**1:23-cv-00145-RM-GPG** Notice has been mailed by the filer to:

James Corey Goode
1140 US Highway 287
Suite 400-266
Broomfield. CO 80020

 **BRIEF TO ORDER EXHIBIT DF**

**Alyssa Montalbano <legalzenacm@gmail.com>**

---

## Activity in Case 1:23-cv-00145-RM-GPG Montalbano v. Goode

1 message

---

**COD_ENotice@cod.uscourts.gov** <COD_ENotice@cod.uscourts.gov>

To: COD_ENotice@cod.uscourts.gov

Mon, Jan 23, 2023 at 3:29 PM

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court - District of Colorado

#### District of Colorado

### Notice of Electronic Filing

The following transaction was entered on 1/23/2023 at 3:29 PM MST and filed on 1/23/2023
**Case Name:**      Montalbano v. Goode
**Case Number:**   1:23-cv-00145-RM-GPG
**Filer:**
**Document Number:** 22(No document attached)

**Docket Text:**
MINUTE ORDER: This matter is before the Court following a number of filings by Plaintiff, including a Motion to Consolidate this case and case number 20-cv-00742-DDD-KLM [20]. The Court will communicate with the Chambers of Judge Daniel D. Domenico regarding any consolidation of this case into the earlier-filed case currently in front of him. In the interim, the Court intends to refer the motions in this case to Magistrate Judge Gallagher, to whom this case has already been referred. Absent a further order from Magistrate Judge Gallagher, and assuming proper service has been effectuated, Defendants shall have 21 days from the date of this Order, or 21 days from the date of proper service, whichever is later, in which to respond to ECF Nos. [14], [15], [18], and [20]. SO ORDERED by Judge Raymond P. Moore on 1/23/2023. (Text Only Entry) (rmsec)

**1:23-cv-00145-RM-GPG Notice has been electronically mailed to:**

Alyssa Chrystie Montalbano      legalzenacm@gmail.com, AriStoneArt@Ymail.com

**1:23-cv-00145-RM-GPG Notice has been mailed by the filer to:**

James Corey Goode
1140 US Highway 287

Suite 400-266
Broomfield, CO 80020

Thomas D. Seaman
P.O. Box 1002
Ridgway, CO 81432

Brief to order
EXHIBIT DG

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No: 1:23-CV-00145-RM-GPG

Alyssa Chrystie Montalbano, Individually

Plaintiff

v.

James Corey Goode, Individually

Defendant

-----

Thomas D. Seaman, Individually and dba
ALPINE JUDGMENT RECOVERY;

Third-Party Plaintiffs

James Corey Goode, Individually

Counter-Claimant

v.

Alyssa Chrystie Montalbano, Individually

Third-Party Defendant, Counter-Defendant

---

## ALYSSA MONTALBANO
## REPLY TO "JUDGMENT CREDITOR'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER"

---

Montalbano files this REPLY to "JUDGMENT CREDITOR'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER" [#37] filed on January 20, 2023 with Mesa District Civil State Court and unstamped copy received by Montalbano by post mail, January 23, 2023; and objects to Mr. Seaman's Response for the following:

1) Montalbano incorporates by reference the **Notice of Removal**, Docket 1, and it is incorporated herein. Case 18CV50 must proceed under federal laws and in this federal court due to civil rights violations performed in the state court.

2) Montalbano incorporates by reference the pending motion **"Alyssa Montalbano Motion Required Joinder Pursuant FRCP 19"**, Docket 18, and it is incorporated herein. Mr. Seaman/AJR and their claims are pending to be joined to the superseding federal action and they will not be prejudiced by being required to follow due process of law prior to commencement of any lawful debt collection activities; and they must be joined so as not to continue to create further inconsistent obligations and burdens on Montalbano.

3) Montalbano incorporates by reference the pending **Motion to Stay or Consolidate cases**, Docket 20, and it is incorporated herein. This instant removed case may be consolidated with case 1:20-CV-00742-DDD-KLM or stayed pending resolution of the related action [#9].

REPLY TO RESPONSE                                                                 Page 2 of 7

4) Montalbano incorporates by reference the pending **Motion to Supplement Pleading**, Docket 33, and it is incorporated herein. Mr. Seaman is pending to be supplementally joined to the superseding federal case's pleadings [Dockets 13, 14, 15], for claiming a contracted interest [#25-1] in the same subject matter and parties involved in the superseding federal lawsuit (1:20-CV-00742 [#9]).

5) Montalbano incorporates by reference the pending **Motion to Reconsider,** Docket 34, and it is incorporated fully herein. Judge Chaffin untimely, unlawfully, and prejudicially entered orders in case 18CV50 and they must be vacated or set aside as his superior officer, Brian James Flynn, is a defendant to Montalbano's claims in the superseding federal action (1:20-CV-00742).

6) Montalbano incorporates by reference the pending **counterclaims** seen at Dockets: 13 (admitted counterclaims), 14 (pending amended RICO), and 15 (pending amended Deprivation Rights), and they are incorporated fully herein. The Chief Judge of Mesa County District Civil Court, Brian James Flynn is a defendant [#24-1 at 2, summons] to Montalbano's federal court claims (1:20-CV-00742) notably for deprivation of rights all during case 18CV50, and a valid judgment for collection does not exist and this is the same judgment Seaman/AJR is claiming an interest in [#25-1], and that is under lawful collateral attack in the superseding federal case [#9].

For all the facts, laws, and reasons stated in the aforementioned filings, Mr. Thomas D. Seaman doing business as ALPINE JUDGMENT RECOVERY may not lawfully proceed with any discovery requests [#1-1] at this stage of litigation, as it would further unlawfully prejudice and

burden Montalbano personally and professionally; and Seaman/AJR's current discovery requests will likely be completely eliminated after the federal defamation trial of Goode.

## DIRECT REPLY TO SEAMAN/AJR - POINT BY POINT

1) Montalbano respectfully demands that no information as sought in the Second Interrogatories [#1-1] be disclosed to Mr. Seaman/AJR or Mr. Goode as they are improper at this stage of litigation and Mr. Seaman/AJR still have not provided Montalbano with validation a lawful judgment debt exists for collection pursuant FDCPA §807 and §809 [#3 at 27 State Court Document 1 – debt validation request; #4 POS Doc. 1 January 5, 2023; and Docket 33 pending supplemental Answer and Counterclaims]; Colorado Constitution, Bill of Rights, Section 10 and 23; United States Constitution, Amendment VII; and pursuant Judge Flynn's Oath of Office to the State and National Constitutions to uphold said rights.

2) Mr. Goode and his associates (to now include Mr. Seaman/AJR) have a pattern of cyberstalking, harassing, and defaming Montalbano with whatever private information they have of Montalbano's, which is why Montalbano opened case 18CV50 in the first place, to stop this [#24-2 State Court Original Complaint, 24-7 State Court SAC]. This harassment and abuse of Montalbano and her private information by Goode and his associates (since 2018) is seen in particular in (but not limited to) the defamation claim [#13, claim 10] pending to proceed to trial against Mr. Goode [#24-3, Recommendation]; civil conspiracy claim [#13, claim 12] and RICO claim [#14] showing Goode and his associates use (abuse) Montalbano's private information to embarrass, cyberstalk, and harass her. These abusive

behaviors must be ordered stopped, not further enabled via Mr. Goode's newest harassment associate Seaman/AJR abusing the legal system with the other summoned defendants.

3) It is somewhat irrelevant that Mr. Seaman is arguing about Mr. Goode sharing what information he currently has about Montalbano with Seaman/AJR, as Seaman/AJR's interrogatories/complaint are to obtain more private information of Montalbano's that neither he or Goode are entitled to have without due process of law, which is yet to occur. See Deprivation of Rights claim [#15] against Mr. Flynn.

4) Ms. Yanaros and Ms. Lorie (Goode's alleged attorneys) are also defendants in the superseding federal action (1:20-CV-00742-DDD-KLM [#19]) for their role in Abuse of Process [#13, claim 14], Malicious Prosecutions [#13, claim 15], and using (abusing) the courts for SLAPP (Strategic Lawsuits Against Public Participation) lawsuits and donation schemes with Mr. Goode based on their fraudulent lawsuits to promote they or their immediate family's public business, which is the same public Racket of Mr. Goode's [#14, RICO] and whereby Goode and his counsels also lie in court[1]. Ms. Yanaros is also not entitled to have any of Montalbano's private information, as her family has participated in the marketing and promoting of Mr. Goode's public frauds and both Goode's alleged counsels or immediate family members have a vested financial interest in the successes or failures of Goode's public rackets, which are also their rackets. Additionally, even if Mr. Seaman/AJR were permitted to make his improper and premature discovery requests, he

---

[1] These additional records showing more of these court told lies are pending to be filed in this case pursuant D.C.Colo.LCivR 81.1 (removal rules), with the responses and replies to the pending complaints [Dockets 13, 14, 15] and other pending motions as prior filed in related federal case 1:20-CV-00742-DDD-KLM [#19] involving the other summoned defendants to include Ms. Yanaros and Ms. Lorie.

has no lawful reasons to share any of Montalbano's private information with Mr. Goode or his counsels, except that he is knowingly a participant in their Rackets.

## I.   CONCLUSION

**WHEREFORE,** for all the aforementioned facts, laws, evidence, pending claims, related federal case (1:20-CV-00742-DDD-KLM) and incorporated documents, Mr. Seaman/AJR may not lawfully proceed with any discovery requests of Montalbano as they have not provided verification a lawful judgment debt exists pursuant Fair Debt Collection Practices Act §807 and §809, Colorado Constitution, Bill of Rights, Sections 10 and 23; and United States Constitution, Amendment VII, and pursuant Judge Flynn's Oath of Office to uphold said Constitutional Rights; and their judgment claims [#18-1] will not be prejudiced by joining them [#18] to the superseding federal action pursuant due process of law.

Respectfully Submitted and All Rights Reserved,

*/s/ Alyssa Chrystie Montalbano*

American Citizen, Plaintiff and Defendant

970.250.8365
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com

### CERTIFICATE OF SERVICE

I certify that on this 26th day of January 2023 a copy of the foregoing **REPLY TO RESPONSE**, was filed with the Federal Court via the CM/ECF filing system, and a true and correct copy were delivered by first class United States Postal Service mail with tracking upon the following pro se parties:

**Mr. James Corey Goode**
1140 US Highway 287
Suite 400-266
Broomfield, CO 80020

**Mr. Thomas D. Seaman**
**dba ALPINE JUDGMENT RECOVERY**
PO Box 1002
Ridgway, CO 81432

*/s/ Alyssa Montalbano*

Alyssa Montalbano, American Citizen

Brief to Order

# EXHIBIT DH

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No: 1:23-CV-00145-RM-GPG

Alyssa Chrystie Montalbano, Individually

Plaintiff

v.

James Corey Goode, Individually

Defendant

-----

Thomas D. Seaman, Individually and dba
ALPINE JUDGMENT RECOVERY;

Third-Party Plaintiffs

James Corey Goode, Individually

Counter-Claimant

v.

Alyssa Chrystie Montalbano, Individually

Third-Party Defendant, Counter-Defendant

## MOTION TO RECONSIDER

Montalbano files this MOTION TO RECONSIDER the State Court re-filed:

    1) Motion to Dismiss [#30] [1],

    2) Motion to Quash [#31],

    3) Motion for Protective Order [#32],

    4) Answer and Counterclaims [#3] (Re-filed as Supplemental to Pleading at Docket 33)

    5) DOCUMENT 1 [#3 at 27-28] – Interrogatories and Production of Documents

      (Re-filed as Supplemental to Pleading at Docket 33-3)

Originally filed January 3, 2023 in Mesa District Civil State Court, case 18CV50; and requests these motions and pleadings be properly considered pursuant due process of law.

Judge Chaffin prematurely ruled on the motions and counterclaims, by entering orders on January 11, 2023 (within 8 days of their filing) [#28] and whereby the orders were entered prior the 21 day response date of January 24th, 2023 for the opposing parties (Goode, Seaman/ALPINE JUDGMENT RECOVERY) to respond and/or object on their own behalf. Judge Chaffin (again) made himself an unlawful party to the case by litigating from the bench on behalf of Goode, Seaman/AJR, Flynn, and et. al. and placed a fraud on the Mesa District Civil Court, and in support thereof Montalbano states as follows:

---

[1] This format is used to reference Dockets within the CM/ECF filing system and may contain "at" followed by a number denoting the docket and page number the reference may be found on. Ex: [#1 at 2]

## I. RELEVANT PROCEDURAL BACKGROUND

1. Montalbano incorporates by reference the Notice of Removal [#1] and it is incorporated fully herein.

2. Chief Judge Brian James Flynn of Mesa District Civil State Court is a defendant to Montalbano's federal court counterclaims since December 20, 2020 [#13]; to notably include Deprivation of Rights [#15]; filed in Denver Federal Court, superseding case 1:20-CV-00742-DDD-KLM. [#24-1 Summons Executed]

3. At the time of filing the January 17, 2023 removal notices [#1, #10], it was unknown to Montalbano (until getting home and reviewing the Register of Actions [#26] later), that Judge Chaffin had entered more color of law and color of office orders, January 11, 2023 [#28] to further harass and burden Montalbano on behalf of federal court defendants Chief Judge Brian James Flynn and James Corey Goode.

4. No judgment collection matters can proceed in the Mesa District Civil Court, case 18CV50, until ALL matters involving Montalbano, Flynn, Goode, and the fraud judgment [#24-5], are fully resolved in the superseding federal case 1:20-CV-00742-DDD-KLM.

5. Montalbano incorporates by reference her second admitted amended counterclaims ("SACC") from case 1:20-CV-00742-DDD-KLM [#13] and it is incorporated fully herein; and involves the $116,600 false judgment attorney fees [#24-5], whereby Goode's attorneys/coworkers (Yanaros and Lorie) participated in Abuse of Process [#13 at 207, Claim 14], Malicious Prosecutions [#13 at 219, Claim 15], and lying on multiple court records to harass Montalbano for years, while Flynn did nothing to stop it (perjury).

6. Montalbano incorporates by reference the Pending Third Amended RICO Claim [#14] and
   all its facts, laws, and evidence are incorporated fully herein; and involve the $116,600
   judgment attorney fees against Ms. Yanaros and Ms. Lorie (Goode's alleged legal counsels)
   for opening multiple SLAPP (Strategic Lawsuits Against Public Participation) lawsuits
   against Montalbano (and others) to promote and sell Goode's public frauds and products for
   hundreds of thousands of dollars, which are also their public businesses or immediate family
   members' businesses, which is a violation of the attorney Codes of Professional Conduct.
   [#14, Nos.18-28] [3]

7. Montalbano incorporates by reference the Pending Third Amended Deprivation Rights Claim
   [#15] and all its facts, laws, and evidence are incorporated fully herein; and involve the fraud
   $116,600 judgment fees against Brian James Flynn and et. al. for lying while under Oath in
   case 18CV50, being prejudice, breaking Constitutional Laws, violating due process of law,
   and placing a fraud on the Mesa District Civil Court and other courts (perjury).

## II.   FACTS IN SUPPORT OF VACATING OR SETTING ASIDE CHAFFIN'S
##       JANUARY 11, 2023 'ORDERS'

8. The judgment [#24-5] is void and unenforceable, for failure of Brian James Flynn to follow
   due process of law in case 18CV50 (*Pennover v. Neff, 95 U.S. 714.*) [#15] and the judgment
   is open to, and under, collateral attack (*McLean v. Jepson, 123 N.Y. 142, 25 N.E. 409)* in
   superseding Denver Federal Court case 1:20-CV-00742; and Judge Chaffin is a trespasser of
   the law with Flynn and cannot enforce fraud under color of office. *(Scheuer v. Rhodes, 416
   U.S. 232, 94 S. Ct. 1683, 1687 (1974))* [#15-1 at 14, Nos. 37-38, 50-52]

---

[3] The abbreviations "No." or "Nos." means the specific Number or Numbers on the page the reference is
at. Ex: [#1 at 2, No. 3] or [#1, Nos. 3-5]

9. As outlined in the Notice of Removal Mr. Seaman's judgment claims are wholly dependent on the outcome of the pending federal case 1:20-CV-00742-DDD-KLM [#9] and claims [#13, #14, #15] therein.

10. Montalbano filed the following Motions and papers on January 3, 2023 in Mesa District Civil State Court, against Mr. Seaman dba ALPINE JUDGMENT RECOVERY:

    1) Motion to Dismiss,

    2) Motion to Quash,

    3) Motion for Protective Order,

    4) Answer and Counterclaims [#3] (to be re-filed with Motion to Supplement)

    5) DOCUMENT 1 [#3 at 27-28] – Interrogatories and Production of Documents

    The opposing parties (Goode, Seaman/AJR) had 21 days to object or respond to the papers, making the response by date, January 24, 2023.

    Judge Chaffin defeated the course of justice in the Mesa District Civil Courthouse by entering premature orders on behalf of Goode and Seaman/AJR, January 11, 2023 (only 8 days after filing), showing himself litigating from the bench on the opposing parties' behalf, the same way his superior officer (Defendant) Brian James Flynn did on July 1, 2022 [#18, Section II]. It is (again) to be duly noted Chief Judge Flynn never timely or early entered orders in case 18CV50 [#15-1 at 1-22] until after he was summoned as a Third-Party Defendant [#24-1 at 2] in case 1:20-CV-00742-DDD-KLM. During case 18CV50 Flynn typically did nothing for six (6) to nine (9) months then would write orders to break Constitutional Laws in response to papers filed by Montalbano [#15-1, No. 20, Nos. 67-71].

Since being summoned into federal court Flynn and his peers have been rapid-fire entering orders on papers filed in case 18CV50 before the response times allotted for opposing parties to respond have elapsed, and these premature orders have always been in favor of Goode and Seaman/AJR and cause more severe and malicious damages and burdens to Montalbano.

11. The January 11, 2023 orders entered by Judge Chaffin [#28] completely ignore the superseding and pending federal case (00742) [#9] against his superior officer, Chief Judge Brian James Flynn and that the judgment [#24-5] is lawfully under collateral attack in Denver Federal Court. It is not proper for a Judicial Officer of the Court to ignore these facts.

12. Judge Chaffin has now also repeatedly demonstrated he will break Constitutional Law (perjury) with Flynn and will lie in Mesa Court to cover up for Flynn and defeat the course of justice to corrupt the judicial machinery itself, and this is seen in the following facts:

**DEFAMATION CLAIM**

13. Judge Chaffin prematurely entered damaging orders January 11, 2023 [#28] completely ignoring response time frames for opposing parties to litigate for themselves in case 18CV50; and thereby Judge Chaffin made himself an unlawful party to case 18CV50 litigating from the bench for Goode and Seaman/AJR (perjury).

14. Judge Chaffin prematurely and illegally struck Third-Party Defendant Montalbano's Answer and Counterclaims [#3; #28-4 at 1] to Third-Party Plaintiffs Seaman/AJR's complaint/interrogatory claims [#1-1] that involve the same judgment [#24-5] federally engaged in collateral attack in case 1:20-CV-00742 since December 20, 2020, for

Deprivation of Rights [#15] performed by Chief Judge Brian James Flynn against Ms. Alyssa Chrystie Montalbano all during case 18CV50.

15. Judge Chaffin also unlawfully denied [#28-4 at 36] Montalbano's Interrogatory and Production of document request [#3 at 27] lawfully served on Seaman/AJR [#4] pursuant Fair Debt Collection Practices Act §809 and §807; whereby Judge Chaffin knowingly took away Montalbano's due process of law right to have a [judgment] debt collector (Seaman/AJR) verify a lawful judgment debt exists for collection pursuant State and Federal Fair Debt Collection Practices Act laws. These actions further show Judge Chaffin illegally litigating from the bench on behalf of Seaman/AJR, Goode, and Flynn, when he is forbidden from doing so pursuant his Oath of Office to Colorado Constitution, Bill of Rights, Sections 3 (inalienable rights), 6 (equality of justice) 10 (defamation trial by jury) and 25 (due process of law). Judge Chaffin was not given powers to decide Constitutional Laws and Federal debt collection laws do not apply to Montalbano or debt collector Seaman/AJR when in Court, and Judge Chaffin lost subject matter jurisdiction for erroneously thinking he had judicial powers to violate laws rather than uphold them (perjury).

16. Judge Chaffin presents arguments in all of his January 11, 2023 orders [Docket 28] that do not overcome he and Flynn violating Constitutional Laws; whereby Constitutional Laws required Montalbano's Defamation claim be taken to the jury, pursuant Colorado Constitution, Bill of Rights, Section 10.

17. Judge Chaffin notably states the following in his January 11, 2023 order, Denying Montalbano's Motion to Quash, [#28-1 at 16] (sic):

**"Ms. Montalbano argues that interrogatories are not proper because there is no valid judgment in this case. This argument is premised on the assumption that a judgment is not valid unless it is based on a jury verdict. The premise is faulty.** There are many ways in which a valid judgment may be entered without a jury verdict. Here, for example, the judgment was based on Colorado Revised Statute 13-17-201. That statute requires a court to award reasonable attorney fees to a defendant in a tort case when the action is dismissed pursuant to the defendant's motion under Rule 12(b) of the Colorado Rules of Civil Procedure. No jury verdict could even occur in an action that is terminated a such a state. Indeed, **the purpose of the statute is to award attorney fees in cases where there was no possibility that it would ever result in a jury trial."**

Mr. Chaffin's order statement above is outright fraud on the court for the following:

a. It was prematurely entered.

b. Upon information and belief, Mr. Chaffin has an Oath of Office to the State and National Constitutions (United States Constitution, Article VI, Clauses 2 and 3).

c. Pursuant Judge Chaffin's Oath he (and Judge Flynn) are bound to uphold all Constitutional Laws first in the Mesa District Civil Court; and when their personal belief systems (prejudices), state laws, or statutes conflict with Constitutional Law; Constitutional Law is superior and overrules all conflicting prejudices, statutes, or state laws pursuant the officer's Oath Office. Judicial Officers who use their personal belief systems (prejudices) and inferior state laws to break Constitutional Law, perjure their Oath of Office and automatically vacate their office of public trust

pursuant Colorado Constitution, Article XII, Section 10, for refusal to qualify therein.
(also see Stripping Doctrine, Ex Parte Young, 209 U.S. 123 (1908))

d. Pursuant said Oath, Judge Flynn (and Judge Chaffin) were duty bound to take
Montalbano's Defamation claim to the jury, as Colorado Constitution, Bill of Rights,
Section 10, binds Judges to do this. The Judge is not given jurisdiction over
defamation, the jury is. A judge is not a jury.

e. Judge Chaffin's first statement is perjury of his Oath of Office to the State and
National Constitutions because he states Montalbano's jury premise is faulty, when
Montalbano's inalienable jury right claim is founded solely on Constitutional Law
(Colo. Const., Bill of Rights, Section 10), and for which Judge Chaffin is sworn and
duty bound to uphold first in Mesa Court, and he did not (perjury).

f. Judge Chaffin then follows up his complete disparagement (perjury) of Constitutional
Laws and jury rights with a flat out lie of his own to support Judge Flynn's
January 29, 2020 lies [#13-27 at 3, dismissal orders]; whereby Mr. Chaffin states
[indirectly] that Montalbano's defamation claim had no possibly of ever going to a
trial by jury because it was allegedly frivolous.

Yet, this same defamation claim [#13 at 170] is in-fact pending to proceed to trial
against the same defendant, James Corey Goode, in the superseding federal case
(1:20-CV-00742-DDD-KLM) and as recommended by Magistrate Judge Mix
#24-3 Magistrate Mix Recommendation Defamation claim proceed against Goode];
showing Mr. Chaffin's statement that Montalbano's Defamation claim had 'no

possibility of ever resulting in a jury trial', is completely false. Additionally, Judge
Chaffin also knows his statement is completely false (aka a lie) because he was
shown on July 22, 2022, Magistrate Judge Mix's recommendation [#24-3] as Exhibit
CZ in Mesa State Court with Montalbano's Objection to Seaman/AJR's Motion to
Transfer Interest. Further still, Judge Chaffin's superior Officer Chief Judge Brian
James Flynn also knew Judge Chaffin's statement is completely false, because
Mr. Flynn saw the defamation recommendation [#24-3] when it was first filed
February 28, 2022 (almost 1 year ago) in the original case the recommendation was
made in (00742) [#9] because he is a defendant therein. Judge Flynn could have
corrected his January 29, 2020 mistakes at any time, but he has refused to do so for
years, which makes his acts clearly malicious and intentional civil rights violations
[#15 Deprivation Rights] performed against Ms. Montalbano and for which he has
lawfully been summoned [#24-1 at 2] to answer for.

g. Because it has been shown Montalbano's State Court Defamation claim (re-filed in
Federal Court [#13 at 170]) is in-fact with merit and did in-fact result in proceeding to
a trial by jury based on the same defamation facts shown in State Court to Flynn, it
shows Flynn intentionally lied in case 18CV50 that no defamation occurred in print
or broadcast, when he knew for a fact it did [#15 at 4-13] and that Montalbano was
enduring non-stop defamation and harassment from Goode and et. al. all during case
18CV50.

18. Montalbano's Motion to Quash, Motion for Protective Order, Motion to Dismiss, Answer
and Counterclaims, and Document 1 (Interrogatories and Production of Documents request)
must be reconsidered taking in all related facts from federal case 1:20-CV-00742 to notably
include that Mesa District Civil Court's Chief Judge Brian James Flynn is a defendant therein
with Goode and his alleged Counsels (Yanaros and Lorie).

19. Until a jury verdict is provided by Judge Flynn, Judge Chaffin, Seaman/AJR, or Goode,
pursuant due process of law and Constitutional Law this instant case for the defamation
claim, nothing can proceed judgment collection wise. As it stands, Judge Flynn completely
destroyed the judicial machinery itself in Mesa District Civil Court and he must be ordered to
answer and compensate Montalbano for what he has done and make full reparations in
accordance with due process of law.

## TRADE SECRET INTELLECTUAL PROPERTY

20. Judge Chaffin presents arguments in his January 11, 2023 orders, that do no overcome he and
Flynn violating Constitutional Law; whereby Constitutional Law also required Montalbano's
Trade Secret Intellectual Property ("IP") claim to be taken to the jury because the amount in
civil controversy since November 13, 2018 exceeded twenty dollars ($20) (U.S. Constitution,
Amendment VII) [#24-7, SAC $70,000 IP dispute].

21. Judge Flynn (and now also Judge Chaffin) were also required to simply legally declare
Montalbano's Intellectual Property ("IP") hers as first ask for June 25, 2018
[#24-2 Original State Court Complaint], to protect her inalienable author rights pursuant
U.S. Const. Art. 1, Sec. 8, Cl. 8. pursuant their Oath of Office binding them to do so, and
they did not (perjury).

22. Mr. Chaffin's January 11, 2023 orders are fraud on the court related to Montalbano's Trade Secret Intellectual Property claim for the following:

a. Upon information and belief Judge Chaffin and Judge Flynn have a sworn Oath of Office to uphold United States Constitution, Article 1, Section 8, Clause 8   (author rights).

b. Chief Judge Brian James Flynn lied Montalbano's Intellectual property did not exist, January 29, 2020 [#13-26 at 3], and entered his knowingly false statement based on Mr. Goode and his counsel's (Ms. Yanaros) knowingly false statements in their Renewed Motion to Dismiss (June 7, 2019) **(Exhibit 1 - State Court Renewed MTD; Exhibit 2 Objection Renewed MTD)** that Montalbano's Intellectual Property did not exist.

c. Goode and Yanaros knew their Motion to Dismiss ("MTD") statements filed in case 18CV50 that Montalbano's Intellectual Property did not exist were completely false, because they opened their fraudulent stalking case in the Broomfield Combined Courts, July 17, 2018, Case 18C103, claiming the same emailed Intellectual Property was stalking of Mr. Goode. **(Exhibit 3 at 2, Goode Broomfield Complaint (00742, Docket 26-1)]** and they used Montalbano's tangible and intangible IP records, blended with lies they told on the court record, to obtain a fraudulent Temporary Restraining Order ("TRO") against Montalbano, **(Exhibit 4, Broomfield TRO (00742, Docket 227-3))** that was subsequently vacated in Montalbano's favor. **(Exhibit 5 Broomfield Register of Actions (00742, Docket 26-2))** [#13, SACC Claims 14 (abuse of Process) and 15 (Malicious Prosecutions)]

d. Flynn also knew Goode and Yanaros' MTD statements were false because he was shown
Montalbano holds federal copyrights, January 30, 2019 (one year prior his orders) [#13-
27; #15-1, Nos. 31-36] for some of her published Dream Vision journal records and
related dream research; and Flynn was shown that Goode and Montalbano agreed via the
Broomfield Court record that Montalbano's unpublished and emailed Intellectual
Property dream journal records belonged to Montalbano. **(Exhibit 2, No. 11; and
Exhibit 3 at 2)** Judge Flynn's sworn duty-role in case 18CV50 (when first filed) was
simply to declare the emailed Intellectual Property records Montalbano's, and he did not
(perjury).

e. Flynn was also shown the certified PLAC (Pre-Litigation Affidavit Complaint) mailings
[#13-20] and that Goode acquiesced to all the detailed and specific IP derivative work
allegations contained therein [#13, SACC Claim 7 Trade Secrets, and Claim 9
Copyrights], because he failed to rebut or meet the allegations. [#24-2 Original State
Court Complaint]

f. It is true Montalbano's Trade Secret Claim of seeing things in dreams before they occur
in waking states and writing them down in her dream journals, is a highly unusual Trade
Secret claim [#13 at 136], but this is what trade secret laws are for, rare information and
discoveries that give a company or individual a competitive advantage in their field or
profession. Ms. Alyssa Montalbano [#13, ¶22] [4], Mr. Corey Goode (who claims alien
dream contact) [Id. ¶24-25, ¶¶48-81] and Mr. David Wilcock (who claims he is the

---

[4] The symbols "¶¶" denote the word 'paragraph' and are used to cite paragraph s(numbers) in the
counterclaims complaint at Docket 13.

famous dream psychic Edgar Cayce reincarnated [#13, ¶82]) [Id. ¶28, ¶¶82-100]; all

work in the field of dream storytelling, dream teaching, writing books, and dream

research. Montalbano has a distinct competitive advantage over Wilcock and Goode

because her dream research and work is highly detailed, legitimate, and easily provable in

a court of law; and for these reasons it must be protected from further use and abuse by

Goode, Wilcock, and The Enterprise [#14].

g. Ironically, the longer everything has dragged out in multiple courts with Goode and et.al.,

the more Montalbano's Trade Secret IP Dream Vision records have occurred in waking

states further proving the claim is with merit. This is seen in the following two simple

examples shown in case 00742 proving the Trade Secret IP claim on the court record -

1) via prior court filed dreams;  and  2) via other tangible and intangible property records

mistakenly emailed to Goode and et. al.:

i.     Montalbano filed a Dream Vision (dated May 6, 2019) in Mesa District Civil

       Court, February 12, 2020, foreseeing and hand documenting the covid vaccine

       controversies prior them becoming the waking state issues they are today. The full

       example is seen in Montalbano's Renewed Response, to Goode's Renewed

       Motion To Dismiss ("MTD") on pages 12-14, filed July 13, 2021 **(Exhibit 6,**

       **#231 (pgs 11-15) and #231-2)**[5] and the facts are again cited in Montalbano

       response to the Judicial Defendants MTD (00742, Docket 222) at pages 12-13

       **(Exhibit 7; #247 (pgs 12-13);** whereby Montalbano shows her prior court filed

---

[5] The full MTD, responses, and related replies are pending to be filed pursuant D.C.Colo.LCivR 81.1(b) (within 14 days of removal), unless otherwise ordered.

dream vision and the similar waking state news articles (events) that occurred
after and matched the prior written and court filed Dream Vision record.

ii.     The most recent Dream Vision journal record that has occurred now in waking
states notably involves Chief Judge Brian James Flynn and the other summoned
judicial defendants, Magistrate Mix, and Seaman/AJR; whereby the current
situation(s) Montalbano is dealing with, with them, in waking states today
revolving around legal papers, dates, and Flynn lying, were prior documented in
Montalbano's dream journal, October 9, 2017, and that same dream vision record
was emailed to Goode on October 10, 2017. The fuller details are seen in
Montalbano's Objection to Order in federal case 00742, at Docket 338, pp8-12
and Exhibit #338-3 **(Exhibit 8)**. This record also further proves Montalbano's
Trade Secret IP claim is with merit and clearly involves tangible and intangible
Intellectual Property records.

h.   While a Trade Secret claim [#13 SACC, Claim 7] of this nature may or may not need to
go to trial by jury depending on the parties, regardless, declaratory relief for
Montalbano's unpublished writings and discoveries mistakenly sent by email to Goode
and his associates notably during 2017, must be legally declared Montalbano's; and
Goode and et.al. must be ordered to stop using the records to create fake news, fake
psychic predictions, and fake [alien] dream contact stories [#13 SACC, Claim 9,
Copyrights] and be ordered to compensate Montalbano for all their unauthorized uses.

23. Lastly, Montalbano has always been willing to make reparation for any damages lawfully
shown to have been caused by her or for any claims shown to actually be frivolous; but an
officer of the law (Flynn and Chaffin) lying in court to punish Montalbano for something she
didn't even do (i.e. bring a frivolous defamation claim) that's just an abuse of the judicial
officers' office of public trust and Montalbano isn't willing to break the law with Flynn; and
just like anybody else who breaks the law, Brian Flynn must be held accountable for his poor
choices.

## III.    ARGUMENTS FOR RECONSIDERATION

A motion to reconsider is proper whenever there are obvious civil rights violations involved.

It is self-evident that Colorado Constitution, Bill of Rights, Sections 10 and 23; and United
States Constitution, Article 1 Section 8, Clause 8; and Amendment VII, were violated by
Chief Judge Brian James Flynn (perjury) in the Mesa District Civil Court, January 29, 2020
[#15] and that his subservient officer, Judge Chaffin, is knowingly trying to cover up for
Flynn with the same court told lies (perjury). [#28]

Because the Judicial machinery itself has been severely corrupted in Mesa District Civil
Court and because due process of law was completely destroyed therein, it is proper for all
the following motions and papers to be reconsidered in this federal court by faithfully
performing judicial officers:

1) Motion to Dismiss [#30],

2) Motion to Quash [#31],

3) Motion for Protective Order [#32],

4) Answer and Counterclaims [#3] (Re-filed as Supplemental to Pleading at Docket 33)

5) DOCUMENT 1 [#3 at 27-28] – Interrogatories and Production of Documents

(Re-filed as Supplemental to Pleading at Docket 33-3)

The Answer and Counterclaims with Documents 1, are requested to be reconsidered and joined with the other pending claims against Goode and et. al. pursuant FRCP 19 [#18] and will be re-filed with a 'Motion to Supplement Pleading' pursuant FRCP 15(d) to supplement Montalbano's prior filed pleadings [#13, #14, #15] to join Seaman/AJR to the pending federal claims he is claiming a contracted interest in. [#1-1; #18-10].

## I. CONCLUSION

**WHEREFORE,** for all the aforementioned facts, laws, evidence, and pending claims in Case 1:20-CV-00742-DDD-KLM [#9] and incorporated documents, the January 11, 2023 state court filed orders [Docket 28] must be vacated and/or set aside for clear civil rights violations (Colo. Const., Bill of Rights, Sec. 10 and 23; U.S. Const. Art. 1, Sec. 8, Cl. 8; and Amendment VII) and the cited State Court Motions and Answer and Counterclaims must be reconsidered taking into account all the related facts pending in the superseding federal case 1:20-CV-00742 against Goode, Flynn, and et.al., including the Motion to Join Seaman/AJR with case 00742 [#18] and Motion to stay or consolidate cases [#20]; and that relief be granted to Montalbano as requested, together with any other relief this court deems just and proper.

Respectfully Submitted and All
Rights Reserved,

*/s/ Alyssa Chrystie Montalbano*

American Citizen, Plaintiff and
Defendant

970.250.8365
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com

## CERTIFICATE OF SERVICE

I certify that on this 25th day of January 2023 a copy of the foregoing **MOTION TO RECONSIDER and Exhibits**, were filed with the Federal Court via the CM/ECF filing system, and a true and correct copy were delivered by first class United States Postal Service mail with tracking upon the following pro se parties:

**Mr. James Corey Goode**
1140 US Highway 287
Suite 400-266
Broomfield, CO 80020

**Mr. Thomas D. Seaman**
**dba ALPINE JUDGMENT RECOVERY**
PO Box 1002
Ridgway, CO 81432

**/s/ Alyssa Montalbano**

Alyssa Montalbano, American Citizen

*Brief to Order*
**EXHIBIT DI**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00145-RM-GPG

ALYSSA CHRYSTIE MONTALBANO, Individually,

     Plaintiff,

v.

JAMES COREY GOODE, Individually,

     Defendant.

----------

THOMAS D. SEAMAN, Individually, and dba
ALPINE JUDGMENT RECOVERY,

     Third-Party Plaintiffs,

JAMES COREY GOODE, Individually,

     Counter-Claimant,

v.

ALYSSA CHRYSTIE MONTALBANO, Individually,

     Third-Party Defendant, Counter-Defendant.

---

## ORDER TO SHOW CAUSE

---

This matter is before the Court on Notice of Removal (ECF No. 1) filed by Alyssa

Chrystie Montalbano. Ms. Montalbano has removed to federal court Mesa County

District Court case number 18CV50. The Court must construe the Notice of Removal

liberally because Ms. Montalbano is not represented by an attorney. *See Haines v.*

1

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Montalbano will be ordered to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon [the] defendant or defendants" seeking to remove a state court action. 28 U.S.C. § 1446(a). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

Additionally, the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removeable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

2

removable." 28 U.S.C. § 1446(b)(3).

Here, Ms. Montalbano contends removal of case number 18CV50 is timely based on the filing captioned "Plaintiff Thomas D. Seaman DBA Alpine Judgment Recovery's Second Set of Interrogatories to Plaintiff Alyssa-Christie Montalbano" (ECF No. 1-1), which Ms. Montalbano alleges was served on her on December 20, 2022.

Ms. Montalbano contends removal is jurisdictionally appropriate pursuant to 28 U.S.C. § 1441(a), which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, removal under § 1441(a) is permissible only "when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Here, although Ms. Montalbano indicates her rights under 42 U.S.C. § 1983 have been violated throughout the course of the state court proceedings, removal under § 1441(a) is appropriate only if the federal question is "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Nothing in the state court filing captioned "Plaintiff Thomas D. Seaman DBA Alpine Judgment Recovery's Second Set of Interrogatories to Plaintiff Alyssa-Christie Montalbano" (ECF No. 1-1) demonstrates the existence of a federal question and "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *See Johnson*, 404 F.3d at 1247.

Ms. Montalbano's alternative argument that case number 18CV50 is related to another case in which she is a defendant that is pending in the District of Colorado, case number 20-cv-00742-DDD-KLM, also does not demonstrate that the filing captioned "Plaintiff Thomas D. Seaman DBA Alpine Judgment Recovery's Second Set of Interrogatories to Plaintiff Alyssa-Christie Montalbano" (ECF No. 1-1) somehow makes case number 18CV50 removable under § 1441(a).

Finally, Ms. Montalbano's citation of 28 U.S.C. § 1441(c) does not change this analysis. That section provides as follows:

If a civil action includes—

(1) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(A) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

(B) the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c). Nothing in § 1441(c) eliminates the requirement that removal is appropriate only if there is a federal claim on the face of the filing that allegedly gives rise to removal jurisdiction.

Finally, the Court notes that Ms. Montalbano was ordered on January 29, 2023,

4

to immediately cease filing any further pleadings in this action. Plaintiff is hereby

granted permission to file **one** response to this Order to Show Cause.

Accordingly, it is

**ORDERED** that Ms. Montalbano shall have up to and including February 14,

2023, to show cause why this case should not be remanded to state court. Plaintiff may

file **one** response to this order.

DATED January 30, 2023.

BY THE COURT:

 s/ Gordon P. Gallagher
United States Magistrate Judge