| DISTRICT COURT, MESA COUNTY, COLORADO | |
|---|---|
| Court Address:<br>125 North Spruce<br>Grand Junction, CO 81501 | |
| | ▲ COURT USE ONLY ▲ |
| Alyssa-Chrystie Montalbano,<br>Plaintiff<br><br>v.<br><br>James Corey Goode,<br>Defendant | Case Number:<br>18CV50<br><br>Division        Courtroom |
| SUPPLEMENTAL BRIEFING – IMPROPER AND FRIVOLOUS REMOVAL | |

## SUPPLEMENTAL BRIEFING

Alpine Judgment Recovery ("AJR"), respectfully files this supplemental briefing in response to this Court's order of January 25, and states as follows:

## SUMMARY

This Court issued an order directing the parties to this action to submit supplemental briefing with 14 days on whether the Court retains jurisdiction at this point to address any pending matters. Because Colorado recognizes an exception to a state court's loss of jurisdiction after removal when it is frivolous and completely without merit, because the federal court has almost blatantly stated the case will be remanded, and because Montalbano's removal was frivolous, this court still retains jurisdiction and may rule on pending matters. A handful of states have adopted a narrow exception to the general rule that a state court is immediately

**SUPPLEMENTAL BRIEFING – IMPROPER REMOVAL**                    **PAGE 1**

divested of jurisdiction after removal to federal court and concluded that the state court does not lose jurisdiction if the "notice of removal is insufficient on its face to raise even a colorable claim of removability." *McDonald v. Zions First Nat'l Bank, N.A.*, 348 P.3d 957, 961–62 (Colo. App. 2015) (adopting the narrow exception for Colorado and noting courts in New York, Vermont, Florida, Oklahoma, and Connecticut had also adopted the exception).

## BACKGROUND

Montalbano has now—for the second time—attempted to improperly remove this case as a means to impede the case. Her first attempt was denied on the grounds that it was untimely and wholly improper and baseless. This Court should sanction her conduct and award fees to Mr. Goode and AJR.

Judge Moore has entered an order, Doc. 22, in this attempted removal case (No. 23-cv-145-RM-GPG). The order, dated January 23, 2023, is as follows:

MINUTE ORDER: This matter is before the Court following a number of filings by Plaintiff, including a Motion to Consolidate this case and case number 20-cv-00742-DDD-KLM 20 . The Court will communicate with the Chambers of Judge Daniel D. Domenico regarding any consolidation of this case into the earlier-filed case currently in front of him. **In the interim, the Court intends to refer the motions in this case to Magistrate Judge Gallagher, to whom this case has already been referred**. Absent a further order from Magistrate Judge Gallagher, and assuming proper service has been effectuated, Defendants shall have 21 days from the date of this Order, or 21 days from the date of proper service, whichever is later, in which to respond to ECF Nos. 14 , 15 , 18 , and 20 . SO ORDERED by Judge Raymond P. Moore on 1/23/2023. (Text Only Entry) (rmsec) (Entered: 01/23/2023) (emphasis supplied)

After Montalbano proceeded to file approximately 60 pleadings from other cases,

Judge Gallagher then entered the following order (Doc. 79) on January 29, 2023:

MINUTE ORDER: **<u>Plaintiff Alyssa Chrystie Montalbano is ORDERED to</u>**
**<u>immediately cease from filing any further pleadings in this action. Over the</u>**
**<u>last week, Plaintiff has lodged some 40 separate pleadings, many of them</u>**
**<u>nonsensical and completely unnecessary. This is both an abuse of process and</u>**
**<u>an abuse of CM/ECF filing privileges</u>**. Should Plaintiff believe that there is a need
to file any emergency pleading, Plaintiff may file a one-page motion, stating with
particularity, the need to file an emergency pleading, which the Court will then
evaluate. **Should Plaintiff fail to comply with this Order, the Court may revoke**
**electronic filing privileges, strike pleadings, or dismiss the action**. Within one-
week, the Court will review the matter and set a plan for any further pleadings
moving forward. So Ordered. by Magistrate Judge Gordon P. Gallagher on 1/29/23.
Text Only Entry (GPG) (Entered: 01/29/2023) (emphasis supplied)

Finally, Judge Gallagher entered the following order (Doc. 82) on January 30,

2023:

ORDER TO SHOW CAUSE by Magistrate Judge Gordon P. Gallagher on
01/30/2023. Accordingly, it is ORDERED that Ms. Montalbano shall have up to
and including February 14, 2023, **<u>to show cause why this case should not be</u>**
**<u>remanded to state court. Plaintiff may file one response to this order</u>**. (alave, )
(Entered: 01/30/2023) (emphasis supplied)

In light of these three orders, the case will almost certainly be remanded on the

basis of frivolity. Further, this Court can stop the madness stemming from

**SUPPLEMENTAL BRIEFING – IMPROPER REMOVAL**                    **PAGE 3**

Montalbano's harassing filings by issuing sanctions, holding her in contempt, and other appropriate mechanisms under its authority.

## ARGUMENT AND AUTHORITY

*In Metropolitan Casualty Ins. Co. v. Stevens* 312 U.S. 563 (1941), the United States Supreme Court opined that state courts retain jurisdiction until the defendant presents a facially valid case for removal. (*Id.* at p. 567, ["proceedings in the state court subsequent to the petition for removal are valid if the suit was not in fact removable"].) A state court retains jurisdiction where the removal notice is frivolous or duplicative. (*See McDonald* at 961-2, ["We ... hold that a Colorado court is not deprived of jurisdiction where a party's notice of removal to a federal court indicates, on its face and as a matter of law, that the party's attempt to remove the case was without the slightest color of right or merit"]; *Astoria Fed. Sav. & Loan Assn./Fid. N.Y. FSB v. Lane* 883 N.Y.S.2d 473 (2009) [recognizing exception under the "unique circumstances of this case, where the federal court found the removal petition to be frivolous on its face and where it was made in bad faith at the eleventh hour"]; *Bell v. Burlington Northern R. Co.* (Okla. Ct. App. 1986) 738 P.2d 949, 954 [finding the Metropolitan rule was "implicit in the old statute's proscription 'proceed no further'" and that "the new statute did not intend to and in fact did not alter the Metropolitan rationale or implications"].

**SUPPLEMENTAL BRIEFING – IMPROPER REMOVAL**                    **PAGE 4**

Montalbano's removal, on its face, is "nonsensical and completely unnecessary" and "an abuse of process". It does not state any cause of action but merely fantastical, imaginary and delusional statements that follow neither rhyme nor reason. As such, this court should treat her removal as improper and proceed forward and assess sanctions against Montalbano.

## CONCLUSION

Accordingly, AJR respectfully requests this court proceed the enforcement action and grant to AJR and Goode attorney's fees and costs as well as levy other monetary and appropriate sanctions against Montalbano.

Dated: February 8, 2023                     Respectfully Submitted,

THOMAS D. SEAMAN DBA
ALPINE JUDGMENT RECOVERY
JUDGMENT CREDITOR

**C.R.C.P. 11(b) Statement:** In helping to draft the pleading or paper filed by the pro se party, the attorney certifies that, to the best of the attorney's knowledge, information and belief, this pleading or paper is (1) well-grounded in fact based upon a reasonable inquiry of the pro se party by the attorney, (2) is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (3) is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

> Valerie Yanaros,
> Attorney for Defendant (Per CRCP 11(b))
> 8300 Douglas Ave, Suite 800
> Dallas Texas 75225
> (512) 826-7553
> TX State Bar No. 24075628

## CERTIFICATE OF SERVICE

Copies of this filing will be sent to Montalbano at her place of Residence and via email at legalzenacm@gmail.com .

**SUPPLEMENTAL BRIEFING – IMPROPER REMOVAL**          **PAGE 6**