IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Raymond Moore

Civil Action No. 23-cv-00145-RM-GPG

ALYSSA CHRYSTIE MONTALBANO,

    Plaintiff,

v.

JAMES COREY GOODE,

    Defendant.

## ORDER REMANDING ACTION

This matter is before the Court *sua sponte.* The Court has reviewed the Magistrate Judge's January 30, 2023 Order to Show Cause (ECF No. 82) and Ms. Montalbano's response (ECF No. 84), as well as the entire record in this case.

On January 17, 2023, the Plaintiff filed a Notice Of Removal (ECF No. 1), purporting to remove Mesa County District Court case no. 18-cv-50 to this Court, asserting the existence of federal question jurisdiction pursuant to 28 U.S.C. §1441. Ms. Montalbano's Notice of Removal acknowledges that the Mesa County case had been pending in that court since 2018. Pursuant to 28 U.S.C. §1446(b)(3), removal must be made within 30 days of the <u>defendant's</u> receipt of the initial pleading or any "other paper from which it may first be ascertained that the case is one which is or has become removable." As the party claiming the existence of federal subject-matter jurisdiction, Ms. Montalbano bears the burden of demonstrating both the existence of facts establishing that jurisdiction and strict compliance with the removal statute. *Salzer v. SSM Health Care of Okla. Inc*., 762 F.3d 1130, 1134 (10th Cir. 2014); *Fajen v. Foundation Reserve*

*Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).   Because Ms. Montalbano is a pro se litigant, the Court construes her pleadings liberally as required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, pro se status does not relieve Ms. Montalbano of the obligation to fully comply with all the requirements of substantive and procedural law.  *Hall v. Bellmon*, 935 F.3d 1106, 1110 & n. 3 (10th Cir. 1991).

Ms. Montalbano alleges that the grounds for removal of the Mesa County action first appeared on December 20, 2022, when counter-defendant Thomas D. Seaman served her with a document captioned as a Second Set of Interrogatories.  (ECF No. 1-1; *see* ECF No. 1 at 7-8, ¶ 4-5.)  Ms. Montalbano contends that the interrogatories "made it clear [that Mr. Seaman was] pursui[ng] federally entangled judgment monies and making discovery requests based on the same set of facts" that were at issue in a separate federal case, *Goode v. Gaia, Inc.*, D.C. Colo. Civ. Case No. 20-cv-00742-DDD-KLM, in which Ms. Montalbano was a co-defendant.

The text of 28 U.S.C. §1446 makes clear that a case can only be removed by a "defendant."  Ms. Montalbano is the Plaintiff in this action, not a defendant,  Indeed, as Plaintiff, she chose the Mesa County District Court as her forum when she commenced the case in 2018.  Although Ms. Montalbano may now wish that she had commenced this case in a different court, removal is not a tool that she may use to soothe her regret.  Ms. Montalbano <u>is</u> named as a defendant in <u>counterclaims</u> by Mr. Goode, but the Supreme Court has made clear that "Section 1441(a) [ ] does not permit removal based on counterclaims at all."  *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1748 (2019).

For this, and for the other reasons recited in the Magistrate Judge's Order to Show Cause, which this Court adopts and incorporates by reference, the Court finds that Ms. Montalbano's Notice of Removal (ECF No. 1) was improper.  Accordingly, the Court **REMANDS** this action

to the Mesa County District Court for further proceedings.  The Clerk of the Court shall transmit the entire case file of this action to the clerk of the Mesa County District Court and shall close this case.

DATED this 15th day of February, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge